**Tabetha A. Martinez, Esq. (NV 14237)**
**Ashlie L. Surur, Esq. (NV  11290)**
**Jessica Recarey-Valenzuela, Esq. (NV 16611)**
**BURGER, MEYER & D'ANGELO, LLP**
725 S. 8th Street, Suite 200
Las Vegas, Nevada 89101

**MAILING ADDRESS:**
999 Corporate Dr., Suite 225
Ladera Ranch, CA 92694
Telephone:  (949) 427-1888
Facsimile:  (949) 427-1889
Email: tmartinez@burgermeyer.com
       asurur@burgermeyer.com
       jrecarey-valenzuela@burgermeyer.com

Attorneys for Defendant,
BELLAGIO, LLC, D/B/A
BELLAGIO RESORT & CASINO

BURGER, MEYER & D'ANGELO, LLP

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROSA MARIA PHILLIPS, individual;<br><br>Plaintiff,<br><br>vs.<br><br>BELLAGIO, LLC, D/B/A BELLAGIO RESORT & CASINO; a Foreign Corporation; DOES 1 through 25, inclusive; and ROE CORPOATIONS 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-00633-CDS-DJA<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

Defendant, Bellagio, LLC d/b/a Bellagio Resort  Casino by and through its attorneys at Burger Meyer D'Angelo and Plaintiff, Rosa Maria Phillips, by and through her attorneys at Ace Law Group ("Parties") have stipulated to entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) and LR IA 6-2, the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Discovery in this action related to the claims and defenses asserted includes documents and/or information that Defendant asserts are confidential and/or proprietary. The unnecessary disclosure or dissemination of such confidential and/or proprietary could cause irreparable harm to the owner or holder of such information. The Parties desire to set forth processes

-1-
**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

to protect the confidentiality of information and documents that a party deems confidential and/or proprietary. Therefore, with good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Designation of Confidential Documents and Information. The Responding Party shall mark as "confidential" or "produced pursuant to protective order" or in some similar fashion any document for which it claims protection under this order. The documents, things and information contained in them or gleaned from them shall only be used, shown and disclosed only as provided in this order. The term "confidential documents and information" as used in this order shall be construed to include the documents and materials so marked, and their content, substance and the information contained in or gleaned from them. The term shall also be construed to include any summaries, quotes, excerpts and/or paraphrases of the documents, things or information. The designation shall be made in good faith and shall not be made with respect to any document which is in the public domain, such as patents, or any other document which has previously been produced or disseminated without confidentiality protection.

2. Access to Confidential Documents and Information by Qualified Persons. This protective order is limited to the context of pre-trial civil discovery. This protective order does not restrict dissemination of information if gained from other public sources outside of pre-trial civil discovery. Accordingly, access to confidential documents and other materials, any parts thereof, any summaries or extracts thereof, as well as matters contained therein which are produced or obtained exclusively through pre-trial discovery shall be limited to the following "qualified persons." The following persons are automatically deemed a "qualified person:"

   a. This Court and its employees;

   b. The jurors;

   c. Counsel of record for the parties to this lawsuit;

   d. Those paralegals, stenographic and clerical employees who are employed by and assisting counsel of record;

-2-
**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

e. The parties of record and their officers, directors, employees, counsel of record and insurers to the extent necessary to assist in preparing for discovery, depositions, resolution, or for trial, or who are otherwise assisting in this litigation;

f. Deposition witnesses;

g. Witnesses called at trial;

h. Any mediator who is assigned/chosen to hear this matter, and his/her staff, subject to their agreement to maintain confidentiality to the same degree as required by this stipulation; and

i. Any expert or consultant (including persons directly employed by such experts or consultants) who has been retained or specially employed by a party in anticipation of this litigation or for trial of this case, to the extent necessary to assist in the litigation, and who has signed a written certification in the form set forth as Exhibit "A"; provided, however, that no confidential documents and information shall be disseminated to any expert or consultant:

   i. Who is an employee of a direct business competitor of the party producing the information; or

   ii. Who is employed by a direct business competitor of the party producing the information and who directly participates in design, manufacturing, marketing, or service activities of direct business competitors.

j. Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

k. Persons shown on the face of a document to have authored or received it;

l. Any person whom the parties agree, in advance and in writing, may receive such protected information, provided that the person has signed a written certification in the form set forth as Exhibit "A."

Counsel of record shall maintain such certifications for all designated experts, and shall provide copies of the certifications upon demand to counsel for any opposing party. Demand to one counsel of record for a party is deemed to be a demand to all counsel of record for a party.

-3-

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

BURGER, MEYER & D'ANGELO, LLP

BURGER, MEYER & D'ANGELO, LLP

3. <u>Jurisdiction Over Qualified Persons.</u> Each qualified person is subject to the jurisdiction of this court for purposes of enforcement of this order. Counsel of record are responsible for ensuring that their employees comply strictly with this order. Violation by an employee of counsel shall be deemed a violation by counsel.

4. <u>Challenges to Claims of Confidentiality.</u> If a party contends that any documents, information or portions of them which another party or third party has designated as confidential are not entitled to protection, the parties in good faith will confer and attempt to reach an agreement. If the parties cannot reach an agreement, the party seeking to reclassify may seek appropriate relief from the court, with the party seeking to maintain the confidential designation bearing the burden to establish the claim of confidentiality. The documents and information shall remain confidential until their status is changed by stipulation or order of the Court.

5. <u>Use of Confidential Documents and Information Generally.</u> Confidential documents, things and information may be used solely in connection with this lawsuit and for no other purpose. No qualified person who gains access to the confidential documents, things and information may disclose them or their contents to any other person without the written stipulation of the producing party or by order of this Court.

6. <u>Use of Confidential Documents and Information in this Lawsuit.</u> Confidential documents, things and information may be used at trial, arbitration or at depositions, in accordance with the following safeguards. If confidential documents, things and information are used in depositions, all portions of the transcript of such depositions and exhibits thereto which refer to or relate to such confidential documents, things or information shall themselves be considered as confidential documents. The party introducing during a deposition such confidential documents, thing and information shall ensure that the court reporter binds the confidential portions of the transcript and exhibits separately and labels them "confidential." In addition, each deponent is ordered that he may not divulge any confidential documents, things or information except to qualified persons. Confidential documents, things or

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

information may be offered at the trial and/or arbitration of this matter for consideration by the trier of fact.

Confidential Materials shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits. Confidential Material and Highly Confidential—Attorneys' Eyes Only Material produced by Defendant in connection with this lawsuit may not be entered into, uploaded to, or otherwise submitted to any open artificial intelligence (AI) platform—including, but not limited to, ChatGPT or similar generative AI tools—for any purpose. This prohibition applies regardless of the intended use.

7. Filing and Sealing.

   a. To the extent that a pleading or other paper references a document designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular document filed under seal without disclosing the contents of any confidential information.

   b. Before any document designated for protection under this Order is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document for protection under this Order to determine whether, with the consent of that party, the exhibit may be filed with the Court not under seal.

   c. Where agreement is not possible or adequate, a document designated for protection under this Order shall only be filed electronically under seal in accordance with the electronic case filing procedures of this Court, including, without limitation, LR IA 10-5, and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny. Any motion brought pursuant to this provision must be accompanied by a competent certification that the parties were unable to reach an agreement about an unsealed filing.

   d. Where filing electronically under seal is not possible or adequate, before a document designated for protection under this Order is filed with the Clerk, it shall be placed in a sealed envelope marked CONFIDENTIAL which envelope shall also display the

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

BURGER, MEYER & D'ANGELO, LLP

BURGER, MEYER & D'ANGELO, LLP

case name, docket number, a designation of what the exhibit is, the name of the party in whose behalf it is submitted, and the name of the attorney who has filed the exhibit on the front of the envelope. A copy of any document filed under seal may also be delivered to the judicial officer's chambers. All documents filed under seal shall be served upon the non-disclosing party in paper form, notwithstanding whether said documents are electronically filed, in accordance with LRC IC 4-1(c).

    e.   To the extent that it is necessary for a party to discuss the contents of any document designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal. In such circumstances, counsel shall prepare two versions of the pleading or other paper, a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as set forth above. A copy of the un-redacted pleading or other paper also may be delivered to the judicial officer's chambers.

8.   <u>Action by the Court.</u> Applications to the Court for an order relating to any documents designated for protection under this Order shall be by stipulation or motion under Local Rules 7-1 or 7-2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9.   <u>Disposition of Confidential Material Upon Conclusion of Action:</u>

    Within sixty (60) days following the final conclusion of this Action, including any appeals, all Confidential Information and all copies thereof shall be permanently deleted or destroyed.

    To the extent permanent deletion or destruction is not technically feasible due to the architecture of counsel's document-management systems, litigation platforms, or automated

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

data-retention processes, such Confidential Information shall instead be permanently segregated and rendered inaccessible.

"Rendered inaccessible" means that the Confidential Information shall be removed from all active case files, databases, document-management systems, litigation platforms (including Litify), and user-accessible repositories, and shall not be searchable, retrievable, or usable for any business, litigation, or other purpose.

Counsel may retain only those copies of Confidential Information that are automatically preserved as part of routine system backups, audit logs, or records-retention protocols, provided that such materials are not readily accessible to users in the ordinary course of business, are not restored except as required by law, regulation, or court order, and remain subject to the confidentiality obligations of this Order in perpetuity.

Under no circumstances may Confidential Information be accessed, reviewed, referenced, migrated, or used after the conclusion of this Action for any purpose unrelated to compliance with this Order.

///
///
///
///
///
///
///
///
///
///
///
///
///

BURGER, MEYER & D'ANGELO, LLP

-7-
**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

BURGER, MEYER & D'ANGELO, LLP

10. Execution. Facsimile copies of signature pages may be used as originals and this Stipulated Protective Order may be executed in counterparts with the same full force and effect. This Stipulation and Protective Order consists of eight (8) pages inclusive of a single one-page exhibit, and is executed on the dates set forth below.

IT IS SO ORDERED:

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: _____4/15/2026_____

DATED: April 13, 2026

DATED: April 13, 2026

_/s/ Jessica Recarey-Valenzuela_____
Tabetha A. Martinez, Esq.
Ashlie L. Surur, Esq.
Jessica Recarey-Valenzeula, Esq.
Attorneys for Defendant

_/s/ Christian Z. Smith_____
Patrick W. Kang, Esq.
Nevada Bar. No. 10381
Kyle R. Tatum, Esq.
Nevada Bar. No. 13264
Christian Z. Smith, Esq.
Nevada Bar. No. 8266
ACE LAW Group
6480 W. Spring Mountain Road, Suite 1
Las Vegas, NV 89146
Attorneys for Plaintiff

-8-
**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, I personally served a true and correct copy of the foregoing **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** by the following means:

_X_ CM/ECF

__ U.S. Mail

__ Electronic Mail

___ Hand-Delivery

___ Delivery Service (e.g., FedEx, UPS)

___ Other means

| | |
|---|---|
| Patrick W. Kang, Esq.<br>Kyle R. Tatum, Esq.<br>Christian Z. Smith, Esq.<br>ACE LAW Group<br>6480 W. Spring Mountain Road, Suite 1<br>Las Vegas, NV 89146 | Attorneys for Plaintiff,<br>ROSA MARIA PHILLIPS<br><br>T: (702) 333-4223<br>F: (702) 507-1468<br>E: pkang@acelawgroup.com; |

_/s/ Jessica M. Hendricks_____
Employee of **BURGER, MEYER & D'ANGELO, LLP**

-9-
**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**